# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
UNITED STATES OF AMERICA,    )
                             )
     v.                      )
                             )     4:17-CR-50
VICTOR NATSON,               )
                             )
     Defendant.              )
```

### ORDER

This action is before the Court on Defendant's motion to dismiss for lack of jurisdiction, for arrest of judgment, or for alternative relief, Dkt. No. 378, and the Government's motion to strike new arguments in Defendant's reply brief, dkt. no. 388. For the reasons given below, Defendant's motion is **DENIED,** and the Government's motion is **DENIED as moot.**

### BACKGROUND

Defendant Victor Natson was found guilty of conspiracy to interfere with interstate commerce by robbery (Count 1); interference with interstate commerce by robbery (Hobbs Act robbery) (Count 2); using and carrying firearms during and in relation to a crime of violence, with Hobbs Act robbery as the predicate offense in violation of 18 U.S.C. § 924(c) (Count 3); interference with interstate commerce by attempted robbery

(attempted Hobbs Act robbery) (Count 5); and using and carrying firearms during and in relation to a crime of violence, with attempted Hobbs Act robbery as the predicate offense in violation of 18 U.S.C. § 924(c) (Count 6). Dkt. No. 42; Dkt. No. 196 at 3-4; Dkt. No. 406 at 5. Following United States v. Taylor, 142 S. Ct. 2015, 2020-26 (2022), which held that attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c), the Court granted Defendant's pro se motion to vacate sentence as to Count 6. Dkt. No. 350; Dkt. No. 347.

Subsequently, through appointed counsel, Defendant filed a motion to dismiss for lack of jurisdiction, for arrest of judgment, or for alternative relief as to Count 3, citing Taylor, 142 S. Ct. at 2015. Dkt. No. 378. After the issue was briefed, the Government filed a motion to strike new arguments that Defendant purportedly made in his reply brief. Dkt. No. 388.

## DISCUSSION

**I. Even if the jury instructions were overbroad, the Court would not lose jurisdiction.**

Defendant challenges the Court's subject matter jurisdiction as to Count 3. According to Defendant, his case was reopened and is therefore still pending before the court. Dkt. No. 390 at 17-18. As a result, he argues, he may challenge subject matter jurisdiction under Rule 12(b), implicated Rule 34, at any time. Id.; see also Fed. R. Crim. P. 12(b)(2) ("A motion that the court

2

lacks jurisdiction may be made at any time while the case is pending."); Fed. R. Crim. P. 34(a) ("Upon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense.").

Defendant cites United States v. Louis, No. 21-CR-20252, 2023 WL 2240544, at *2 (S.D. Fla. Feb. 27, 2023) (appeal pending) in support of his argument that the Court must dismiss for lack of jurisdiction. In Louis, a district court found that the Hobbs Act robbery jury charges used at trial were categorically overbroad and thus dismissed the relevant counts for lack of jurisdiction. Id. The court did not explain how or why erroneous jury instructions caused it to lose jurisdiction. Id.

The Government responds that it "is unaware of any authority for the proposition that an erroneous jury instruction can deprive the court of jurisdiction over an otherwise valid count." Dkt. No. 383 at 11. The Government is correct. As the Eleventh Circuit has explained,

> Federal district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "[S]o long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges 'an offense against the laws of the United States,' and, thereby, invokes the district court's subject-matter jurisdiction." United States v. Grimon, 923 F.3d 1302, 1305 (11th Cir.) (quotation marks omitted).

United States v. Wilson, 979 F.3d 889, 902 (11th Cir. 2020).

3

For example, Count 6 of the indictment charged Defendant with violation of § 924(c), using attempted Hobbs Act robbery as the predicate offense. Dkt. No. 42 at 4-5. Because attempted Hobbs Act robbery cannot act as a predicate offense for § 924(c), see Taylor, 142 S. Ct. at 2020-26, the indictment did not properly charge Defendant with *violating* a valid federal statute. Thus, the Court lacked subject matter jurisdiction over this count.

However, Count 3 *of the indictment* properly "charges [Defendant] with violating a valid federal statute." Wilson, 979 F.3d at 902. The Eleventh Circuit has held, and repeatedly reaffirmed, that Hobbs Act robbery is a "crime of violence"—and thus a proper predicate offense—under § 924(c). In re St. Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016) ("Saint Fleur's . . . conviction for Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); United States v. St. Hubert, 909 F.3d 335, 345 (11th Cir. 2018), abrogated on other grounds by United States v. Taylor, 142 S. Ct. 2015 (2022) (noting that "this Court has already held that Hobbs Act robbery . . . independently qualifies as a crime of violence" and holding that Saint Fleur is binding precedent); see also Davenport v. United States, 788 F. App'x 707, 707 (11th Cir. 2019) ("[B]inding precedent in this Circuit holds that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c), and therefore [the defendant's] appeal lacks

4

merit."); Charlton v. United States, 725 F. App'x 881, 889 (11th Cir. 2018) ("We reject Charlton's argument that a Hobbs Act robbery 'by means of fear of injury' can be committed without the use, attempted use, or threatened use of physical force."); Smith v. United States, 787 F. App'x 684, 686 (11th Cir. 2019) ("As Smith concedes, this Court has held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), and we are bound by those prior decisions under the prior-panel-precedent rule. Thus, there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law."); Vega v. United States, 794 F. App'x 918, 920 (11th Cir. 2019) ("We are bound by our prior holding in Saint Fleur that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. Accordingly, we affirm in this respect." (citations omitted)). Because "the indictment charges . . . [D]efendant with violating a valid federal statute as enacted in the United States Code, it alleges 'an offense against the laws of the United States,' and, thereby, invokes the district court's subject-matter jurisdiction." Wilson, 979 F.3d at 902 (quoting Grimon, 923 F.3d at 1305). As a result, the Court has jurisdiction over Count 3.

Instead of depriving a court of jurisdiction, if an erroneous jury charge causes actual prejudice, the correct remedy is retrial—provided the defendant timely raises the issue. See, e.g., Broaddus v. Fla. Power Corp., 145 F.3d 1283, 1288 (11th Cir. 1998)

5

("Although this court applies 'a deferential standard of review to a district court's jury instructions,' where these instructions do not accurately reflect the law, and the instructions as a whole do not correctly instruct the jury so that we are 'left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations,' we will reverse and order a new trial." (citations omitted)); Maiz v. Virani, 253 F.3d 641, 657–58 (11th Cir. 2001) ("[R]eversal for a new trial is warranted only if the failure to give the instruction resulted in prejudicial harm to the requesting party." (citation omitted)); United States v. Jones, 504 F.3d 1218, 1219–20 (11th Cir. 2007) ("[B]ecause we . . . find the verdict in this trial to have been infected by the coercive instruction, we REVERSE Jones's convictions and REMAND for a new trial."); United States v. Ruan, 56 F.4th 1291, 1298 (11th Cir. 2023) ("[W]e cannot conclude that these errors were harmless. We therefore vacate the defendants' substantive drug convictions under § 841(a) [and remand for new trial]."); United States v. Fleury, 20 F.4th 1353, 1369 (11th Cir. 2021) ("'We review jury instructions challenged in the district court *de novo* to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party.' 'We will not reverse a defendant's conviction based on a challenge to the jury charge unless we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its

6

deliberations.'"(citations omitted)); Brink v. Direct Gen. Ins. Co., 38 F.4th 917, 922 (11th Cir. 2022) (explaining that "we reverse only when a court's jury instructions leave us 'with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations'" and reversing and remanding for new trial because the trial court failed to give a necessary jury instruction (citation omitted)). Thus, this Court disagrees with Louis and follows binding precedent indicating that overbroad jury instructions do not deprive a court of jurisdiction. See, e.g., Wilson, 979 F.3d at 902 ("[S]o long as the *indictment* charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges 'an offense against the laws of the United States,' and, thereby, invokes the district court's subject-matter jurisdiction." (emphasis added) (quoting Grimon, 923 F.3d at 1305)).

Instead, Defendant should have filed a motion for new trial under Federal Rule of Criminal Procedure 33, although any such motion would have needed to occur "within 14 days after the verdict or finding of guilty." See Fed. R. Crim. P. 33 ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . . Any motion for new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."); see also Fed. R. Crim. P. 52(b) ("A plain error that

7

affects substantial rights may be considered even though it was not brought to the court's attention"). Defendant filed this motion far more than "14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(a); Dkt. No. 196 at 4 (jury verdict on May 17, 2018); Dkt. No. 378 (motion filed on April 20, 2023). Therefore, Defendant's motion to dismiss for lack of jurisdiction, for arrest of judgment, or for alternative relief, dkt. no. 378, is **DENIED**. Because the Court retains jurisdiction, it need not address the Government's arguments regarding whether Defendant waived his right to object to the jury instructions. Dkt. No. 383 at 7–8.

**II. Even evaluating the merits of Defendant's arguments, the jury instructions were not overbroad.**

Here, Defendant challenges his Count 3 conviction under 18 U.S.C. § 924(c), which provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . shall" face an enhanced sentence. Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[1] Defendant argues that the jury

---

[1] This differs from the Armed Career Criminal Act and U.S.S.G. Section 4B1.2(a)(1) which do not include enhanced penalties if a

8

instructions used in his trial were overbroad as to the charged elements, which permitted the jury to convict him of an offense that would not qualify as a "crime of violence" under the categorical approach. Dkt. No. 378 at 2–3. This argument fails.

The parties agree, following Eleventh Circuit precedent, that the categorical analysis applies to Hobbs Act robbery. See generally Dkt. No. 378; Dkt. No. 383; see also St. Hubert, 909 F.3d at 348 ("Under the categorical approach, we thus consider only the portion of the Hobbs Act defining 'robbery' for the elements of St. Hubert's predicate offenses. (citations omitted)).

> In applying the categorical approach, we look only to the elements of the predicate offense statute and do not look at the particular facts of the defendant's offense conduct. In doing so, "we must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts" qualify as crimes of violence. Thus, under the categorical approach, each of the means of committing Hobbs Act robbery—"actual or threatened force, or violence, or fear of injury"—must qualify under the use-of-force clause in § 924(c)(3)(A).

St. Hubert, 909 F.3d at 349 (citations omitted); see also United States v. Oliver, 962 F.3d 1311, 1316 (11th Cir. 2020) (explaining that the categorical approach requires "presum[ing] that the

---

defendant uses physical force against the property of another. See U.S.S.G. § 4B1.2(a)(1) (defining "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the *person of another*" (emphasis added)); 18 U.S.C. § 924(e) (defining "violent felony" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the *person of another*" (emphasis added)).

9

conviction rested upon the 'least of the acts criminalized' by the statute" (citation omitted)).

At trial, the Court used the Eleventh Circuit Pattern Jury Instructions for Hobbs Act robbery, and the Eleventh Circuit publishes the same pattern jury instructions for Hobbs Act robbery today. See 11th Circuit Pattern Jury Instructions O70.3, Interference with Commerce by Robbery Hobbs Act – Racketeering (Robbery) 18 U.S.C. § 1951(a), at *460 [hereinafter Hobbs Act Robbery Pattern Jury Instructions], https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedMAR2022.pdf.

The relevant jury instructions used at Defendant's trial read as follows:

> "Robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, *or fear of injury*, immediate or future, to his person or property, or property in his custody or possession or of anyone in his company at the time of the taking or obtaining. . . .
> "Fear" means a state of anxious concern, alarm, or anticipation of harm. It includes the *fear of financial loss* as well as fear of physical violence.

Dkt. No. 195 at 12 (emphasis added).

Defendant takes issue with the definition of "fear." Dkt. No. 378 at 3. According to Defendant, robbery by means of fear of financial loss would not qualify as a crime of violence under the categorical approach. Id. at 3. Defendant argues that the

10

instructions permit the jury to convict a defendant of robbery who did not "use, attempt[] to use, or threaten[] use of physical force against the person or property of another." 18 U.S.C. § 924(c); Dkt. No. 378 at 3. For example, according to Defendant, "[t]hreat of present or future economic harm would be suffered by a shoplifting victim or victim of a criminal trespass case who witnesses a stranger in his back yard." Id. This argument fails because there is no "realistic probability," rather than a mere "theoretical possibility" that the jury instructions at issue "could be applied to conduct that does not constitute a crime of violence." St. Hubert, 909 F.3d at 350.

The Eleventh Circuit has held that Hobbs Act robbery qualifies as a "crime of violence." St. Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016); St. Hubert, 909 F.3d 335, 345 (11th Cir. 2018); see also Davenport, 788 F. App'x at 707; Charlton, 725 F. App'x at 889; Smith, 787 F. App'x at 686; Vega, 794 F. App'x at 920. The Court is bound by this precedent. St. Hubert, 909 F.3d at 345. However, Defendant is correct that none of these cases involve the Eleventh Circuit Pattern Jury Instructions, dkt. no. 386 at 3, because the defendants in those cases all plead guilty to Hobbs Act robbery.

The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened

11

force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1). The Act itself does not define "fear." See id. As mentioned, the Eleventh Circuit Pattern Jury Instructions, consistent with those used at Defendant's trial, continue to provide that "'Fear' means a state of anxious concern, alarm, or anticipation of harm. It includes the fear of financial loss as well as fear of physical violence." Hobbs Act Robbery Pattern Jury Instructions, supra. None of the Pattern Jury Instructions' annotations or comments address the issue Defendant raises. Id. at *461. Because no binding case has addressed whether the pattern jury instructions themselves articulate an offense broader than Hobbs Act robbery that would not categorically qualify as a "crime of violence," Defendant raises a non-frivolous issue.

Nevertheless, United States v. Eason, 953 F.3d 1184, 1191–92 (11th Cir. 2020), elucidates in its discussion of St. Hubert, 909 F.3d at 350, that Defendant's argument does not prevail. In Eason, the Eleventh Circuit held that Hobbs Act robbery did not categorically qualify as a "crime of violence" under the Career Criminal enhancement, U.S.S.G. Section 4B1.2(a)(2). 953 F.3d at 1188–89. There, the government argued that the defendants had to, and failed to, "cite a plausible, real-world example of Hobbs Act

12

robbery that could be committed without a threat to a person, with only a threat to property." Id. at 1191 (discussing St. Hubert, 909 F.3d at 350); see also St. Hubert, 909 F.3d at 350 (holding that Hobbs Act robbery was categorically a crime of violence under § 924(c) because the defendant "ha[d] not pointed to any case at all, much less one in which the Hobbs Act applied to a robbery or attempted robbery, that did not involve, at a minimum, a threat to use physical force. Indeed, [the defendant] d[id] not offer a plausible scenario, and we can think of none, in which a Hobbs Act robber could take property from the victim against his will and by putting the victim in fear of injury (to his person or property) without at least threatening to use physical force capable of causing such injury" (citation omitted)).

    The Eason court explained, "a defendant [must] 'point to his own case or other cases' in which a statute has been applied in the manner for which he argues" only where "the text of a statute plainly [does not] reach[] conduct outside a generic definition." Id. at 1191-92 (citation omitted). The court noted that "Section 924(c)'s elements clause is broader than U.S.S.G. [Section] 4B1.2(a)(1) because it reaches the use, attempted use, or threatened use of force against property." Id. at 1191; see also U.S.S.G. § 4B1.2(a)(1) (defining "crime of violence" as an offense that "has an element the use, attempted use, or threatened use of physical force against the *person of another*" (emphasis added)).

13

According to the Eason court, "the plain text of the Hobbs Act robbery statute" "plainly reaches conduct outside [the] generic definition" in U.S.S.G. Section 4B1.2(a)(1). Id. at 1191–92. Thus, the defendants "met their burden to prove the statute's overbreadth without identifying real-world examples" as to U.S.S.G. Section 4B1.2(a)(1).

In contrast, as for Hobbs Act robbery and Section 924(c), which was at issue in St. Hubert, the Eleventh Circuit "required the defendant to point to a case in which a court applied the statute in the way he advocated—to robbery with fear of injury without any threat of force—because the statutory language itself did not create the realistic probability that fear of injury could exist without a threat of force." Id. at 1192 (citing St. Hubert, 909 F.3d at 350). Thus, as in St. Hubert, Defendant "must . . . cite a plausible, real-world example of a Hobbs Act robbery [under the definition provided in the jury instructions] that could be committed without a threat to a person, with only a threat to property." Id. at 1191. Defendant fails to do so.

In St. Hubert, the Eleventh Circuit could not imagine a plausible scenario "in which a Hobbs Act robber could take property from the victim against his will and by putting the victim in fear of injury (to his person or property) without at least threatening to use physical force capable of causing such injury." 909 F.3d at 350. Defendant cites two examples, arguing that "[t]hreat of

14

present or future economic harm would be suffered by a shoplifting victim or victim of a criminal trespass case who witnesses a stranger in his back yard." Dkt. No. 378 at 3. But these examples seem to focus on the threat of economic harm while ignoring the other elements of robbery—unlawful taking of personal property from the person or in the presence of another against his will.

In the shoplifting example, Defendant seems to argue that the item shoplifted is both the personal property unlawfully obtained and is the cause of the fear of financial loss. This is circular. Following Defendant's logic, the shoplifter obtained the shoplifted item by means of the victim being afraid that he would lose money because that item was shoplifted. If the victim was afraid of losing money due to a shoplifted item, the victim would try to prevent the shoplifter from shoplifting instead of permitting the shoplifter to do so. Therefore, this is not a "plausible, real-world example." Eason, 953 F.3d at 1191.

In the case of a victim of a criminal trespass, there is no taking of personal property from the person or in the presence of another—the trespasser simply trespasses on the land. Defendant implies that seeing the trespasser causes the victim to fear economic harm—perhaps the victim worries that the trespasser will vandalize his property—but again, that scenario lacks any *taking* of personal property. Thus, this is also not a plausible scenario "in which a Hobbs Act robber[, under the definition in the jury

15

instructions,] could take property from the victim against his will and by putting the victim in fear of injury (to his person or property) without at least threatening to use physical force capable of causing such injury." St. Hubert, 909 F.3d at 350.

Moreover, the Louis opinion, 2023 WL 2240544, at *1-2, exhibits the same defect for which Defendant criticizes the Eleventh Circuit in St. Fleur, dkt. no. 386 at 6, 10-15. That is, the Louis opinion does not include in-depth categorical analysis and instead finds that the instructions were categorically overbroad without explaining how or why the instructions "expanded the elements of Hobbs Act robbery." See Louis, 2023 WL 2240544, at *1-2. The Court will therefore not rely upon Louis as persuasive authority.

In sum, because Defendant cannot "cite a plausible, real-world example of a Hobbs Act robbery that could be committed" solely by the means of fear of financial harm, Defendant's argument fails. Eason, 953 F.3d at 1191. Therefore, even if the Court needed to address the merits of Defendant's arguments, Defendant's motion still fails.

**III. The Government's motion to strike is moot.**

The Government filed a motion to strike "the new arguments in [Defendant's] reply," arguing that Defendant "raised the new argument that Hobbs Act robbery categorically does not qualify as a 'crime of violence' under section 924(c)." Dkt. No. 388 at 1-2.

16

Defendant contends that he did not raise this "new argument" and recognizes binding precedent to the contrary. See generally Dkt. No. 390. Because (1) Defendant's motion fails since the Court retains jurisdiction over Count 3, (2) Defendant concedes that there is binding precedent to the contrary of the purported "new argument," (3) and, even considering all arguments made in Defendant's reply brief, Defendant's argument still fails, the Government's motion to strike is **DENIED as moot**.

## CONCLUSION

The Court retains jurisdiction over Count 3. Therefore, Defendant's motion to dismiss for lack of jurisdiction, for arrest of judgment, or for alternate relief under Rules 12(b)(2) and 34, dkt. no. 378, is **DENIED**. As a result, the Government's motion to strike, dkt. no. 388, is **DENIED as moot**.

**SO ORDERED** this 26th day of July, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA